UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>TED KARL FAUPEL,<br><br>                Defendant. | CASE NO. CR22-083-JLR<br><br>**DETENTION ORDER** |

The Court has conducted a detention hearing under 18 U.S.C. § 3142(f) and concludes there are no conditions which the defendant can meet which would reasonably assure the defendant's appearance as required or the safety of any other person and the community.

**FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

Defendant is charged with possession with intent to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking crime. The offenses carry a presumption of detention which the Court finds Defendant has failed to overcome. Defendant is a Canadian citizen who resides in Alberta, Canada. He was arrested far from home when he was stopped operating a vessel off the United States and Canada coastlines. A search of the vessel revealed Defendant was in possession of 1,431.81 pounds of methamphetamine, and a loaded 9mm pistol. If Defendant is convicted as charged, he faces a mandatory minimum sentence of 15 years of imprisonment. The serious nature of the charges, the possession of a firearm and the

DETENTION ORDER - 1

lengthy sentence that Defendant faces all cut against release and indicated he is both a flight risk and a danger to the community.

Defendant has no ties to this community. He appears to have no ties to British Columbia where he was arrested and told law enforcement he was in the Vancouver, Canada area looking for work. Defendant has some work skills, but it does not appear he has had stable employment for a number of years. Defendant appears to have some ties to Alberta, Canada. His living situation indicates the ability to be mobile as he offered to have his mobile trailer moved from Alberta to a small town in the Okanagan area of British Columbia.

The Court lacks tools to fashion conditions of release that would ensure danger and address risk of flight. As a Canadian, the U.S. Probation and Pretrial Services Office could not supervise Defendant in any meaningful way. There is some debate about substance use. While all agree that Defendant had significant struggles in the past, there is disagreement over the severity of those struggles over the last few years. There is some indication of continued use, including admission to drinking alcohol the day of or before the arrest, the presence of a smoking pipe in the boat in which Defendant was stopped, and Defendant' acknowledgment he would test positive for cannabis.

In view of all of these factors, the Court concludes detention must be ordered.

It is therefore **ORDERED**:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

DETENTION ORDER - 2

(3)     On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)     The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

DATED this 14th day of June, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

DETENTION ORDER - 3